UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MATILDE KUFFO, as Personal
Representative of the Estate of                    CASE NO.:
RAMON KUFFO, Decedent,

        Plaintiff,

vs.

AMERICAN HONDA MOTOR CO.,
INC.; HONDA OF AMERICA MFG., INC.;
TAKATA CORPORATION; and TK
HOLDINGS, INC.,

        Defendants.

_____/

## DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S NOTICE OF REMOVAL

      Defendant, American Honda Motor Co., Inc. ("AHM"), hereby removes this action from the Circuit Court, Eleventh Judicial Circuit of Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § § 1332, 1441, and 1446, based on the following:

      1.     On March 23, 2017, Plaintiff, Matilde Kuffo, as Personal Representative of the Estate of Ramon Kuffo, Decedent, commenced an action in the Eleventh Judicial Circuit of Miami-Dade County, Florida, captioned *Matilde Kuffo v. American Honda Motor Co., Inc., et al.,* Case No. CACE-17-006565. The initial Complaint names the following defendants:  American Honda Motor Co., Inc. ("AHM"), Honda of America Mfg., Inc. ("HAM"), Takata Corporation ("Takata"), and TK Holdings Inc. ("TKH").

      2.     Plaintiff alleges that on June 18, 2016, the decedent, Ramon Kuffo, was attempting to perform mechanical repairs inside a Honda vehicle which featured an airbag system. The decedent was working within 'the area of the computer box located within the dashboard' of the interior of the Honda

Case No.

vehicle. As the decedent began working within the area of the passenger side dashboard on the interior of the vehicle, the vehicle's airbags deployed, causing him to be violently struck in the head. The violent and unexpected explosion of the airbag caused severe injuries and eventually, death. *See* Plaintiff's Complaint at ¶¶ 26 - 29.   Plaintiff alleges that Defendant AHM designed, manufactured, assembled, tested, marketed, promoted, advertised, distributed, and sold Honda brand cars, including the subject vehicle, and that Defendants HAM, Takata and TKH were also involved in the design, manufacture, testing, sale, or distribution of the subject vehicle and/or the allegedly defective airbags.  *See* Plaintiff's Complaint at ¶¶ 5, 9, 14, and 17. Plaintiff further alleges that the subject Takata manufactured airbag and inflator "exploded unexpectedly and without warning, and violently due to excessive pressurization with such excessive force…that it caused serious injuries and death" to decedent. *See* Plaintiff's Complaint at ¶ 37.  Based on these allegations, Plaintiff asserts claims for negligence, strict liability, and fraudulent concealment against AHM, HAM, TKH, and Takata.

3.      There is complete diversity as to all properly joined parties, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* Plaintiff's Complaint at ¶ 29 (alleging that decedent Ramon Kuffo sustained fatal injuries, "severe injuries and eventually, death"). Accordingly, this court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

4.      The United States District Court for the Southern District of Florida is the United States district embracing the Circuit Court, Eleventh Judicial Circuit, of Miami-Dade County, Florida, where this action was filed and is pending. *See* 28 U.S.C. §§ 89(c) and 1446(a). Therefore, venue of this removed action is proper in this Court.

5.      AHM voluntarily accepted service of the Summons and Complaint in the above-entitled action on March 29, 2017, and served a Notice of Appearance in the state court action acknowledging the voluntary acceptance of this service of process.  Defendant TKH has been served with Plaintiff's

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 4686 SUNBEAM ROAD - JACKSONVILLE, FLORIDA 32257 - (904) 672-4000 (904) 672-4050 FAX

Case No.

Summons and Complaint in the above-entitled action and has consented to this removal. *See* Defendant TKH's consent to removal attached hereto as **Exhibit D.** The remaining Defendants, HAM and Takata have yet to be served with Plaintiff's Summons and Complaint. However, undersigned counsel has conferred with the attorneys who will represent these entities upon service and these perspective Defendants will consent to the removal of this case. Accordingly, this Notice of Removal is filed within thirty (30) days after AHM's first accepted service of Plaintiff's Complaint, in compliance with 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), attached are: (i) a copy of the Complaint as **Exhibit A;** (ii) a copy of the Docket Sheet from the state court action as **Exhibit B;** and (iii) all papers filed in this action to date as composite **Exhibit C;** and (iv) Defendant TKH's consent to removal as **Exhibit D.**

6.      Concurrent with the timely filing of this Notice of Removal, AHM filed its Notice of Filing Notice of Removal with the Circuit Court of Miami-Dade County, Florida in the state court action. A copy of the Notice of Filing is attached as **Exhibit E.**

7.      Accompanying this Notice of Removal is a Civil Cover Sheet, as well as the required filing fee. Written notice of the filing of this Notice of Removal, on this date, has been given to Plaintiff, Matilde Kuffo, through her counsel as well as all other parties.

### I. The Takata Airbag MDL before Judge Moreno in the Southern District of Florida

8.      It is noted for the Court that all cases presenting "factual questions arising from allegations that certain Takata manufactured airbags are defective in that they can violently explode and eject metal debris, resulting in injury or even death" have been transferred to the Multi-District Litigation before Judge Moreno in the Southern District of Florida. *See In Re: Takata Airbag Prods. Liab. Litig.*, MDL 2599, ECF No. 305 (J.P.M.L. Jan. 13, 2015) (establishing an MDL before Judge Moreno for these cases). The instant case is properly within the MDL proceeding before Judge Moreno under this order.

Case No.

9.      On February 5, 2015, the Panel created an MDL before Judge Moreno in the Southern District of Florida, finding that Judge Moreno "will steer the proceedings here on a prudent course." *See Id.* at 2.   The Panel noted that personal injury cases were among the potential tag-along actions. Subsequently, on February 24, 2015 Judge Moreno entered a ruling that there will be two tracks in the MDL:  one for personal injury claims such as the instant suit, and the other for claims alleging solely economic damages, with discovery regarding Takata airbag inflators "consolidated on both tracks." *See* Order Regarding Representation and Organization, ECF No. 136, at 1 (S.D.  Fla. Feb. 24, 2015).

## II.  Complete Diversity Exists As to All Properly Joined Parties

10.     Plaintiff Matilde Kuffo is a resident of Miami-Dade County, Florida. *See* Complaint at ¶ 2.

11.     At the time the Complaint and this Notice of Removal were filed in this cause, and at all times material hereto, Defendant AHM was and is a California corporation with its principal place of business located in the State of California. *See* Complaint at ¶ 5.

12.     At the time the Complaint and this Notice of Removal were filed in this cause, and at all times material hereto, Defendant HAM was and is an Ohio corporation with its principal place of business located in the State of Ohio. *See* Complaint at ¶ 9.  Thus, there is complete diversity between Plaintiff and AHM and HAM.

13.     Defendant TKH is a foreign corporation incorporated in the State of Delaware with its principal place of business located in the State of Michigan. *See* Complaint at ¶ 16.   Thus, there is complete diversity between Plaintiff and TKH. Defendant TKH has been served with Plaintiff's Complaint, and counsel for TKH has indicated that TKH consents to this removal.

14.     Defendant Takata is a foreign corporation incorporated in Japan with its principal place of business located in Japan.  See Complaint at ¶ 12.  As of the filing of this Notice of Removal,

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 4686 SUNBEAM ROAD - JACKSONVILLE, FLORIDA 32257 - (904) 672-4000 (904) 672-4050 FAX

Case No.

Defendant Takata has not been served with Plaintiff's Complaint, however, undersigned has been advised that if served, Takata will not contest this removal. Thus, there is complete diversity between Plaintiff and Takata Corporation.

### III.  The Amount in Controversy Exceeds $75,000

15.     It is facially apparent from Plaintiff's allegations that the amount in controversy exceeds this Court's jurisdictional requirements of $75,000, exclusive of interest and costs. The decedent in this matter, Ramon Kuffo, sustained fatal injuries and "severe injuries and eventually, death." See Complaint at ¶ 29.  *Roe v. Michelin N. Am., Inc.,* 613 F. 3d 1058, 1061 (11th Cir. 2010); *see also Williams v. Best Buy Co,* 269 F. 3d 1316, 1319 (11th Cir. 2001) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.") (quoting *Sierminski v. Transouth Fin. Corp.,* 216 F. 3d 945, 949 (11th Cir. 2000)); *see also Century Assets Corp. v. Solow,* 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (noting that a complaint "can facially state a claim over the jurisdictional amount [for diversity purposes] when there are no numbers in the [complaint] at all") (emphasis in original; citations omitted)).

16.     District courts are permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Pretka v. Kolter City Plaza II, Inc.,* 608 F. 3d 744, 770 (11th Cir. 2010); *see also Roe,* 613 F. 3d at 1061-62. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe,* 613 F. 3d at 1062.

17.     Therefore, this action is one that may be removed to this Court pursuant to 28 U.S.C. § 1441, as all of the requirements for removal under 28 U.S.C. §§ 1332 and 1441 are met.

### IV.  Consent of Co-Defendants

COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 4686 SUNBEAM ROAD - JACKSONVILLE, FLORIDA 32257 - (904) 672-4000 (904) 672-4050 FAX

Case No.

18.    When a civil action is removed based solely on federal diversity jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Here, the only other Defendant that has been served to date, TKH, has consented and joins in this removal. *See* Defendant TKH's consent to removal attached as **Exhibit D.**

WHEREFORE, the United States District Court for the Southern District of Florida has original jurisdiction of this matter under the diversity statute and American Honda Motor Co., Inc. respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

> **COLE, SCOTT & KISSANE, P.A.**
> Counsel for Defendant
> American Honda Motor Co., Inc.
>
>
> /s/ Daniel J. Kissane
> Daniel J. Kissane (FB #771287)
> Cole, Scott & Kissane Building
> 4686 Sunbeam Road
> Jacksonville, FL 32257
> (904) 672-4090 (telephone)
> (904) 672-4050 (facsimile)
> Daniel.Kissane@csklegal.com
> Rachel.Chewning@csklegal.com
> Laura.Kennington@csklegal.com
> Theresa.Tippins@csklegal.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that, on this 12th day of April 2017, the foregoing was filed with the Florida Courts' E-Filing Portal, which will automatically send notice and a copy of same to all counsel of record via electronic mail to: Julio C. Acosta, Esq., jacosta@acostalaw.org; eservice@acostalaw.org; Acosta Law, 301 Almeria Avenue, Suite 100, Coral Gables, FL 33134 (Counsel for Plaintiff); and Michael    D.    Begey,    Esq.,    mbegey@rumberger.com;    mbegeysecy@rumberger.com;

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING · 4686 SUNBEAM ROAD · JACKSONVILLE, FLORIDA 32257 · (904) 672-4000 (904) 672-4050 FAX

Case No.

docketingorlando@rumberger.com; Rumberger, Kirk & Caldwell, P.A., 300 South Orange Avenue, Suite 1400, Orlando, FL 32801 (Counsel for TK Holdings Inc.).

**COLE, SCOTT & KISSANE, P.A.**

Counsel for Defendant
American Honda Motor Co.

/s/ Daniel J. Kissane
Daniel J. Kissane (FB #771287)
Cole, Scott & Kissane Building
4686 Sunbeam Road
Jacksonville, FL  32257
(904) 672-4090 (telephone)
(904) 672-4050 (facsimile)
Daniel.Kissane@csklegal.com
Rachel.Chewning@csklegal.com
Laura.Kennington@csklegal.com
Theresa.Tippins@csklegal.com

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 4686 SUNBEAM ROAD - JACKSONVILLE, FLORIDA 32257 - (904) 672-4000 (904) 672-4050 FAX